USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**Madison M. Moore**
Assistant Corporation Counsel
Phone: (212) 356-4362
madmoore@law.nyc.gov
(not for service)

October 9, 2026

**VIA ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *N.M. v. New York City Department of Education*, 26-cv-06836 (AT)

Dear Judge Torres:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, attorney the New York City Department of Education in the above-referenced action. I write jointly with Plaintiff's counsel to provide the Court with the Parties' positions regarding an initial pre-trial conference ("IPTC") and summary judgment briefing schedule in this case. As further explained below, the Parties respectfully request that the IPTC and the summary judgment briefing schedule be adjourned *sine die* until Plaintiff's motion for a preliminary injunction has been decided and Defendant has filed an answer to the complaint.

This matter is an appeal of an impartial hearing officer regarding the implementation of an Interim Pendency Order. The Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter, if not resolved through Plaintiff's motion for a preliminary injunction, can be resolved through motions for summary judgment based upon the certified administrative record.

In light of the foregoing, the Parties propose submitting a joint letter with a summary judgment briefing schedule for the Parties' respective motions for summary judgment 30 days after Defendant has answered the complaint.

Please also find attached hereto the Parties' Joint Civil Case Management Plan and Scheduling Order. Kindly note that the Parties agree that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative decision, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156, 165 (2d Cir. 2021) (quoting *M.H. v N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Thank you for your consideration in this matter.

Respectfully submitted,

*Madison M. Moore*
Madison M. Moore
Assistant Corporation Counsel

cc: Plaintiff's counsel (via ECF)

GRANTED. The parties' pre-trial conference and submission of a summary judgment briefing schedule are adjourned *sine die*. The parties shall not be required to submit 56.1 statements.

SO ORDERED.

Dated: October 13, 2026
New York, New York

ANALISA TORRES
United States District Judge